FILED

2008 Dec-12  PM 03:49
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | | |
|---|---|---|
| WILLIAM E. MITCHELL and | ] | |
| NANCY H. MITCHELL, | ] | |
| | ] | |
| Plaintiffs, | ] | |
| | ] | |
| vs. | ] | 7:08-cv-01249-LSC |
| | ] | |
| OSI EDUCATIONAL SERVICES, INC., | ] | |
| et al., | ] | |
| | ] | |
| Defendants. | ] | |

MEMORANDUM OF OPINION

I.     Introduction.

The Court has for consideration a motion to dismiss filed by Defendant

Access Group, Inc. ("Access Group") on August 27, 2008.   (Doc. 15.)

Plaintiff William E. Mitchell ("Mitchell") sued Defendants for violating the

Fair Debt Collection Practices Act, 15 U.S.C. § 1692 (2008) ("FDCPA");

violating the Fair Credit Reporting Act, 15 U.S.C. § 1681 (2008) ("FCRA");

invasion of privacy, intentional infliction of emotional stress and outrage;

and negligence.   (Doc. 1.)  The issues raised in Defendant's motion have

been fully briefed by all parties and are now ripe for decision.   Upon due

consideration and for the reasons stated herein, the motion to dismiss will be denied as to all claims other than those state law claims premised on the same conduct as Mitchell's FCRA claims.

II.    Facts.[1]

Mitchell executed an agreement with National City Bank to act as a guarantor on a ten thousand dollar ($10,000.00) student loan for his adult daughter, Susan Mitchell.  In late September 2007, Mitchell was informed that his daughter's account was past due.  Mitchell asserts that Access Group, its agent David Schultz, and OSI Educational Services, Inc. ("OSI") engaged in abusive and threatening conduct in an effort to collect the debt, including the use of abusive language, harassment, failing to provide required disclosures and written notices, repeated phone calls to both Mr. and Mrs. Mitchell, as well as Mitchell's 82 year old mother, and calling Mitchell while he was hospitalized.  Mitchell further claims that Access Group reported to consumer reporting agencies that he was delinquent in his obligation on the loan.  Plaintiff claims that Access Group knew or should

---

[1]For the purposes of this opinion, the facts are accepted as alleged in the complaint.  Recitation of the facts alleged by the plaintiff in this opinion is not to be construed as a verification that the allegations are true.

have known that the debt was disputed and that the report of delinquency was therefore inaccurate.

Mitchell filed suit in this Court on July 15, 2008.  He contends that the Defendants violated the FDCPA and FCRA through improper debt collection and reporting activities, and that this Court has supplemental jurisdiction over the associated state law claims of invasion of privacy, intentional infliction of emotional distress or outrage, and negligence.

III.    Motion to Dismiss.

A.    Standard

Access Group maintains that all of Mitchell's claims should be dismissed.  A defendant may move to dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) if the plaintiff has failed to state a claim upon which relief may be granted.  To survive a 12(b)(6) motion to dismiss for failure to state a claim, the complaint "does not need detailed factual allegations;" however, the "plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  Factual allegations must be enough to raise a right to relief

above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly,* 127 S. Ct. 1955, 1964-65 (2007) (internal citations omitted).[2]  The plaintiff must plead "enough facts to state a claim that is plausible on its face." *Id.* at 1974.

"When considering a motion to dismiss, all facts set forth in the plaintiff's complaint 'are to be accepted as true and the court limits its consideration to the pleadings and exhibits attached thereto.'" *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000) (quoting *GSW, Inc. v. Long County*, 999 F.2d 1508, 1510 (11th Cir. 1993)).  All "reasonable inferences" are drawn in favor of the plaintiff.  *St. George v. Pinellas County*, 285 F.3d 1334, 1337 (11th Cir. 2002).  "[U]nsupported conclusions of law or of mixed fact and law have long been recognized not to prevent

---

[2]The Supreme Court in *Bell Atl. Corp. v. Twombly* abrogated the oft-cited standard that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief" set forth in *Conley v. Gibson.  See Bell Atl. Corp.*, 127 S. Ct. at 1968 (quoting *Conley*, 355 U.S. 41, 45-46 (1957)).  The Supreme Court stated that the "no set of facts" standard "is best forgotten as an incomplete, negative gloss on an accepted pleading standard: once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atl. Corp.*, 127 S. Ct. at 1969.

a Rule 12(b)(6) dismissal." *Dalrymple v. Reno*, 334 F.3d 991, 996 (11th Cir. 2003) (quoting *Marsh v. Butler County, Ala.*, 268 F.3d 1014, 1036 n.16 (11th Cir. 2001)).  Furthermore, "[a] complaint may not be dismissed because the plaintiff's claims do not support the legal theory he relies upon since the court must determine if the allegations provide for relief on *any* possible theory."  *Brooks v. Blue Cross & Blue Shield of Fla., Inc.,* 116 F.3d 1364, 1369 (11th Cir. 1997) (citation omitted).

    B.    Analysis

        1.    FDCPA claims

Access Group asserts it is not a debt collector under the FDCPA for three separate reasons.  First, Access Group maintains that it was the actual creditor during the period of the alleged misconduct.  Secondly, Access Group argues that even if it was not the creditor, it cannot be considered a debt collector because the loan was not in default when Access Group began servicing the loan.  Finally, Access Group contends that even if it was servicing the loan for another creditor, it originated the loan and therefore was not a debt collector under the FDCPA.

Access Group is correct that the FDCPA provides certain exceptions in the definition of a debt collector.  Mitchell has alleged that Access Group, either on its own or through Access Group Loan Servicing, was collecting a debt on behalf of National City Bank.  It is undisputed that Access Group was servicing the Mitchell's loan.  Determining whether or not those collection activities fall within the exceptions in 15 U.S.C. § 1692a(6)(F) is a fact-centric issue, one that in the instant case would necessarily go beyond the complaint filed by Mitchell.  Therefore, Access Group's motion to dismiss Mitchell's FDCPA claims is due to be denied.

      2.    FCRA claims

Access Group concedes that it is a "furnisher of information" under the FCRA, and also admits that, "based on liberal notice pleading requirements," it has received sufficient notice of Plaintiff's disputed debt to overcome the notice requirement of 15 U.S.C. § 1681s-2(b).  (Doc. 51 at 4.)  Access Group gives two arguments for why it bears no liability under the FCRA. First, Access Group notes that there is no private right of action under 15 U.S.C. § 1681s-2(a).  Secondly, Access Group maintains that it is not liable under 15 U.S.C. § 1681s-2(b) because all of its reporting on the Mitchell's loan was

accurate.   As an alternative to dismissal, Access Group requests that Plaintiff be required to provide a more definite statement of their claims under the FCRA specifying which information was reported inaccurately.

While 15 U.S.C. § 1681s-2(a) does not provide a private right of action under 15 U.S.C. § 1681s-2(a), it is well established that 15 U.S.C. § 1681s-2(b) does.  *See Bosarge v. T-Mobile United States, Inc.*, 2008 U.S. Dist. LEXIS 20952 *9-10 (S.D. Ala. Mar. 17, 2008).  15 U.S.C. § 1681s-2(b) states,

> (B) Reporting information after notice and confirmation of errors. A person shall not furnish information relating to a consumer to any consumer reporting agency if
>> (i) the person has been notified by the consumer, at the address specified by the person for such notices, that specific information is inaccurate; and
>> (ii) the information is, in fact, inaccurate.

Mitchell states in the complaint that Access Group, after receiving notice disputing the loan nevertheless reported disputed information that it knew or should have known was inaccurate.  Therefore, Access Group's motion to dismiss Mitchell's FCRA claims is due to be denied.

3.    State Law Claims

Access Group makes two arguments regarding Mitchell's state law claims of invasion of privacy, intentional infliction of emotional stress or outrage, and negligence.  First, Access Group maintains that, to the extent they are regulated by the FCRA, these claims are preempted by 15 U.S.C. § 1681h(e) and 15 U.S.C.S. § 1681t(b)(1)(F).  Secondly, Access Group maintains that Mitchell's state law claims are insufficient as a matter of law to state a claim upon which relief can be granted.

### i.  Preemption

15 U.S.C. § 1681h(e) states that no consumer "may bring any action or proceeding in the nature of defamation, invasion of privacy, or negligence with respect to the reporting of information against any consumer reporting agency . . .  based on information disclosed by a user of a consumer report to or for a consumer against whom the user has taken adverse action, based in whole or in part on the report[,] except as to false information furnished with malice or willful intent to injure such consumer."  15 U.S.C.S. § 1681t(b)(1)(F), however, seems to establish a broader level of preemption, providing that no requirement or prohibition may be imposed under the laws

of any state "relating to the responsibilities of persons who furnish information to consumer reporting agencies."

Obviously, there is an apparent conflict between these two provisions, as § 1681h(e) appears to allow an action in the case of malice or willful intent, while § 1681t(b)(1)(F) appears to preclude suits altogether.  Much confusion has been created by this apparent conflict, and in the absence of guidance from circuit courts, the districts have devolved into three distinct lines of reasoning.  One school of thought holds that § 1681t(b)(1)(F) supercedes § 1681h entirely.  *See, e.g., Jaramillo v. Experian Info. Solutions, Inc.*, 155 F. Supp. 2d 356, 361-62 (E.D. Pa. 2001) (stating that "[a]ny other interpretation  would fly in the face of the plain meaning of the statute").  The second school of thought holds that § 1681t(b)(1)(F) only applies after the furnisher of information has been provided notice of a disputed debt.  *See, e.g., Riley v. GMAC*, 226 F. Supp. 2d 1316, 1324 (S.D. Ala. 2002).  The third interpretation holds that § 1681h applies to common law tort claims and § 1681t(b)(1)(F) to state statutory claims.  *See, e.g., McCloud v. Homeside Lending*, 309 F. Supp. 2d 1335 (N.D. Ala. 2004).

This Court is only required to enter into this interpretive quagmire, however, if both § 1681t(b)(1)(F) and § 1681h are applicable to the facts of the case.  In *Knudson v. Wachovia Bank, N.A.*, the court noted that § 1681h (e) applies only to claims "based on information disclosed pursuant to section 1681g, 1681h, or 1681m of this title, or based on information disclosed by a user of a consumer report to or for a consumer against whom the user has taken adverse action, based in whole or in part on the report." 513 F. Supp. 2d 1255, 1259-60 (M.D. Ala. 2007).  In *Knudson*, the plaintiff claimed that Wachovia Bank reported his account as past due, disregarding several dispute reports filed by the plaintiff.  *Id.* at 1256.  Under this set of facts, one not unlike those of the instant case, the *Knudson* court found that "§ 1681h(e) is not applicable to the facts of this case and the liability limitation, and exceptions thereto, likewise are not applicable.  Because those provisions do not apply, the court finds no conflict to be resolved with the plain language of § 1681t(b)(1)(F)."  *Id.* at 1260.  The court then resolves Knudson's claims, writing, "Knudson has alleged that Wachovia has failed a duty to accurately report his account information, and refused to correct its reporting error, as the bases of his FCRA and state law claims.

The violations of state law which he has alleged concern conduct which is regulated by §1681s-2.   Under the plain language of § 1681t(b)(1)(F), therefore, Knudson's state law claims are preempted." *Id*.

The facts of this case are very similar to those of *Knudson*.   Mitchell is alleging that Access Group inaccurately reported that Mitchell was delinquent, despite notice from Mitchell that the account was disputed.   As in *Knudson*, these claims sit squarely within the preemption of § 1681t(b)(1)(F).   Therefore, to the extent Mitchell's state law claims arise from activity related to the reporting of credit information, those claims are preempted, and Access Group's motion to dismiss is due to be granted as to those claims.

### ii.  Failure to State a Claim

While state law claims are preempted to the extent they arise from the same activity underlying Mitchell's FCRA claims, Mitchell may press these claims if premised around activity not related to credit information reporting.   The facts set forth in Mitchell's complaint are sufficient to support state law claims for invasion of privacy, intentional infliction of emotional stress or outrage, and negligence.   Therefore, these claims may

proceed to the extent they are not related to credit information reporting, and Access Group's motion to dismiss is due to be denied.

V.     Conclusion.

For the reasons stated above, Access Group's motion to dismiss will be denied as to all claims other than those state law claims premised on the same conduct as Mitchell's FCRA claims.   A separate order will be entered.

Done this 12th day of December 2008.

_____
L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE
**153671**